# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LATANYA MCCASLIN,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:08-CV-0062-RDP |
| **BIRMINGHAM MUSEUM OF ART, et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

The court has before it Defendants' Motion for Summary Judgment (Doc. # 21), filed March 16, 2009.[1] Plaintiff filed her opposition to summary judgment on May 19, 2009. (Doc. # 36). Defendants filed their reply on May 26, 2009. (Doc. # 40). Defendants' motion is now under submission and ripe for ruling by this court..

Plaintiff has asserted a race discrimination claim against Defendants under Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e *et seq*. For the reasons discussed below, Defendants motion is due to be granted.

**I.    Facts**

The Birmingham Museum of Art is a department of the City of Birmingham. (Doc. 12, Ex. 2). Forty of the eighty-one employees of the Museum are actually employees of the City of Birmingham and are hired through the Jefferson County Personnel Board and the Personnel Office

---

[1] Defendants' Motion for Summary Judgment was filed on behalf of the Birmingham Museum of Art, Gail Andrews, Amy Templeton, and Melanie Parker. Plaintiff's claims against Defendants Templeton and Parker were dismissed with prejudice by agreement of the parties on May 15, 2009. (Doc. # 33)

of the City of Birmingham. These employees are paid by the City and the City is responsible for their benefits. (Doc. 12, Ex. 2).

The remaining employees are hired by the museum administration in response to job postings or advertisements in newspapers and of publications for museums. These positions generally require specialized skills and knowledge in the area of museum practice. These employees are paid through privately donated funds or through the Museum's earned revenue. (Doc. 12, Ex. 2).

The Museum currently employs seven curators, all of whom hold advanced degrees. Five of the six hold Ph.Ds. in their respective fields, and the sixth holds a Masters degree. Even Assistant Curators employed by the Museum hold Masters degrees or higher in their respective fields. (Doc. 12, Ex. 2). Although Plaintiff attended the University of Alabama at Birmingham and studied Art History, she never received a college degree from UAB or any other college or university. (Doc. 12, Ex.1 at 9-12).

Plaintiff has never been a paid employee of the Museum. Plaintiff began her volunteer relationship with the Museum in 1987 as a junior docent through a summer program for high school students. She was a volunteer in the education department for a period in 1990. Regarding her relationship with the Museum, Plaintiff testified as follows: "I was a volunteer, an unpaid staff member, doing visual resource curatorial work as well as outreach lecturing work that I still continue to this day." (Doc. # 12, Ex. 1 at 49). Plaintiff's only official relationship was that she was asked, as a volunteer, to organize the Museum's slides used for educational talks. Although Plaintiff called herself the "Visual Resource Curator"and "Outreach Art History Lecturer" no such positions are recognized by the Museum. (Doc. 12, Ex. 2).

The Museum has never had, nor has it ever considered having, the position of Slide Organizer of Visual Resource Curator, although Plaintiff held herself out in this role. Moreover, the Museum entirely discontinued the slide library in its education department in 2006 when that technology became obsolete. (Doc. 12, Ex. 2). Although the Museum does have an Ambassador program in which volunteers are trained to make presentations to schools and civic groups, Plaintiff was never a part of that program, nor were her speaking engagements arranged by the Museum. (Doc. 12, Ex. 2).

In December 1999, Plaintiff wrote to Gail Andrews Treschel ("Andrews"), who was then the Museum Director, making a formal request for employment at the Museum. However, the letter recognizes that the position for which Plaintiff was requesting consideration, organizing the slide collections, was not then available: "I hope the position will become available or something similar ... ." (Doc. 12, Ex. 7). Plaintiff never submitted a formal application for employment with the Museum for an available position, nor did she ever apply through the City of Birmingham. (Doc. 12, Ex. 1 at 21-24; Doc. # 12, Ex. 2).

In 2001 and in 2003, Plaintiff made complaints to the American Association of Museums asking that that body review the Museum's accreditation in light of what Plaintiff alleged was unprofessional practices and discrimination. The 2001 Complaint centered on her complaint that she was not allowed to assume the position of Visual Resource Curator, a position which did not exist. The 2003 Complaint made the same allegations, but requested that Andrews be removed as Director of the Museum. In both cases, the AAM dismissed Plaintiff's complaints. In 2003, Plaintiff also made a complaint to the National Endowment for the Arts along the same lines as her complaints to the AAM. The NEA determined that the evidence submitted by Plaintiff did not

3

support a violation of Title VII. Plaintiff apparently continued to submit complaints to the AAM because, on April 15, 2003, the President and CEO of the AAM wrote to Plaintiff to inform her that her complaints were not within its purview and that he had instructed his staff not to respond to further communications from her.[2] (Doc. # 12, Ex. 2).

In July 2006, the Museum decided to discontinue its slide collection, with which Plaintiff had been working, because they were old and had been replaced by new technology. Plaintiff claimed that this decision "illegal and unethical." (Doc. # 12, Ex. 2).

Also in July 2006, the Museum created the position of Assistant Curator of Education. Kristin Greenwood was promoted to this position upon completion of her Masters Degree in Art History. (Doc. # 12, Ex. 2). In November 2006, Plaintiff learned that Ms. Greenwood had been promoted to this Assistant Curator position. (Doc. # 4 at ¶¶ 11- 13; Doc. 12, Ex. 1 at 68-69, 79). Plaintiff asserts that her 1999 letter to Ms. Andrews was an application for employment based upon which she should have been considered for this position filled in 2006. (Doc. 12, Ex. 1 at 69-70).

Plaintiff also claims that Ms. Andrews engaged in discrimination by making racially derogative and insensitive remarks to her and permitting a climate of harassment due to her race. (Doc. # 4 at ¶ 19). However, Plaintiff testified that she last spoke with Ms. Andrews in 2000. (Doc. 12, Ex. 1 at 39-40).

---

[2] "As we have previously explained, the [AAM] is a membership organization, with no regulatory authority over our members. ... There have been over a dozen phone conversations and letters between AAM staff and you in the last two years. This is not an appropriate use of AAM staff time, and I have directed the staff not to respond to any further communications or inquiries from you regarding this matter." (Doc. 36, Ex. 26).

## II.     Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56©. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A plaintiff in an employment discrimination case maintains the ultimate burden of proving that the adverse employment decision was made because of intentional discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509-12 (1993); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984). Although the Supreme Court previously established the basic allocation of burdens and order of proof in a disparate treatment case, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981), as modified by *Desert Palace v. Costa*, 539 U.S. 90 (2003), that allocation scheme applies only in cases where there is no direct evidence of discrimination, *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir. 1987).

Under the *McDonnell Douglas/Burdine* scheme, a plaintiff first has the burden of proving by a preponderance of evidence a *prima facie* case of discrimination. Second, once the plaintiff proves a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Finally, if the defendant carries its burden, the plaintiff must *either* prove by a preponderance of the evidence that the legitimate reasons offered

5

by the defendant are merely a pretext for discrimination *or* present sufficient evidence, of any type, for a reasonable jury to conclude that discrimination was a "motivating factor" for the employment action, even though defendant's legitimate reason may also be true or have played some role in the decision. *McDonnell Douglas Corp.*, 411 U.S. at 802-05; *Burdine*, 450 U.S. at 252-54; *Desert Palace*, 539 U.S. at 101-02.

**III.   Discussion**

    **A.   Whether Plaintiff Named A Proper Defendant**.

        **1.   Gail Andrews**

"[I]ndividual capacity suits under Title VII are inappropriate because '[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'" *James v. Montgomery Regional Airport Authority*, 181 Fed.Appx. 930, 931 (11th Cir. 2006) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)). Moreover, although Plaintiff has not asserted a claim against Andrews in any official capacity, even if she had, it would be improper. "[T]here no longer exists a need to bring official-capacity actions against local government officials, because local governments can be sued directly." *James*, 181 Fed.Appx. at 931(quoting *Busby,* 931 F.2d at 776). Therefore, Defendant Andrews cannot be held liable under Title VII, and she is entitled to summary judgment.

        **2.   The Birmingham Museum of Art**

The Museum argues that it is entitled to summary judgment because it is not an entity subject to suit. Rather, it is simply a department of the City of Birmingham. It further argues that although the City would have been a proper defendant, it is not a named defendant.

Plaintiff did not seek to amend her Complaint to name the City as a defendant until after the Museum had already filed its motion for summary judgment. Defendants filed their Motion for Summary Judgment on March 16, 2009. On May 19, 2009, Plaintiff submitted a Request to Include Additional Defendants without stating which defendants she sought to add or setting forth any reasons to excuse her extraordinarily late request. Therefore, Plaintiff's Request was denied without prejudice. On May 21, 2009, Plaintiff submitted an Explanation setting forth that she sought to add the City of Birmingham because she had only recently discovered that the Museum was not a proper defendant.

Although Plaintiff, as an unrepresented party, may be entitled to more leeway on the issue of naming proper parties, allowing her to amend to name the City would be futile because, as discussed in detail below, either Defendant (the Museum or the City) would be entitled to summary judgment because Plaintiff has failed to establish her claims.

**B.    Plaintiff Cannot Establish A Prima Facie Case of Discrimination**

It is undisputed that Plaintiff was never an employee of BMA. Her Complaint, as amended, asserts that the BMA's 2006 decision to hire Kristin Greenwood as the Assistant Curator of Education was discriminatory.

**1.    Whether Plaintiff's EEOC Charge Was Timely**

"[T]he determination of whether a plaintiff has filed a timely EEOC Charge depends on when the alleged unlawful employment practice 'occurred.'" *Crayton v. Alabama Dept. of Agriculture & Industries*, 589 F.Supp.2d 1266, 1278 (M.D. Ala. 2008) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-16 (2002)). "Title VII requires an employee aggrieved by discriminatory acts to file a charge of discrimination with the EEOC 'within one hundred and eighty days ... unless

there is an adequate excuse for the untimeliness such as waiver, estoppel, or equitable tolling." *Boyd v. Choicepoint Inc.*, 2008 WL 5076234, * 2 N.D. Ga. 2008) (citing 42 U.S.C. § 2000e-5(e)(1); *Morgan,* 536 U.S. at 109, 113). Plaintiff did not filed her EEOC charge within 180 days of the decision she claims was discriminatory, *i.e.*, the July 2006 decision to make Greenwood the Assistant Curator of Education. However, Plaintiff did file her charge within 180 days of when she alleges she learned of that decision, in November 2006. Plaintiff asserts that Greenwood's appointment to the Assistant Curator position was not made public until this time. Defendant has not addressed the issue of when this decision was announced and/or made public.

Viewing the evidence in the light most favorable to Plaintiff, the time for her to file her charge was equitably tolled until her discovery of the decision when it was made public in November 2006. Therefore, the court concludes that her April 13, 2007 EEOC charge was timely.

### 2. Plaintiff Cannot Show She Applied for, or was Qualified for, the Assistant Curator Position

The *McDonnell Douglas* burden-shifting framework applies to Title VII discrimination claims supported by circumstantial evidence. *See Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1162 (11th Cir. 2006). Under this framework, Plaintiff must first establish a prima facie case of race discrimination. This requires her to present proof that (1) she is a member of a protected class, (2) she was qualified for and applied for a position the Defendant was seeking to fill, (3) despite her qualifications, she was rejected, and (4) the position was filled with an individual outside of Plaintiff's protected class. *Hunt v. Gonzales*, 2007 WL 245459, *1 (11th Cir. 2007) (citing *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005)).

### a.     Plaintiff Did Not Apply for an Available Position

Plaintiff claims to have "applied" in 1999. However, her 1999 letter to Andrews recognizes that her request for employment is for a position that is not available. (Doc. # 12, Ex. 7). It is undisputed that Plaintiff did not submit a formal application in or around 2006 to either the Museum or the City of Birmingham.[3] Further, it is not reasonable infer that Plaintiff's 1999 letter expressing interest in a theoretical paid position with Defendant is an "application" for a position filled *almost seven years later*. Thus, although the court could conclude that in 1999, Plaintiff made an application for paid employment at the Museum, it cannot conclude based upon the evidence before it that Plaintiff applied for the Assistant Curator of Education position filled in 2006. For this reason, Plaintiff has failed to establish the second element of her prima facie case.

### b.     Plaintiff Is Not Qualified For the Assistant Curator Position

The record shows that all of the Curators employed by the Museum hold advanced degrees. Five of the six hold Ph.Ds. in their respective fields, and the sixth holds a Masters degree. Even Assistant Curators hold Masters degrees or higher in their respective fields. Greenwood did not receive the Assistant Curator position until she had completed her Master in Art History. Although Plaintiff attended the University of Alabama at Birmingham and studied Art History, she never received a degree from UAB or any other college or university. Therefore, for this additional reason, Plaintiff has failed to establish the second element of her prima facie case.

---

[3] Defendant argues that Plaintiff did not apply because she never submitted an application via the Jefferson County Personnel Board or the City of Birmingham. However, the evidence submitted by Defendant establishes that approximately half of the employees of the Museum are not hired via this method. (Doc. # 12, Ex. 2 at p. 1-2.)

Because Plaintiff has failed to show that she either applied or was qualified for the position at issue, she cannot establish a prima facie of race discrimination.

### C. Defendant Has Legitimate, Non-discriminatory Reason for Hiring Greenwood for the Assistant Curator Position

Although Defendants' briefing does not proceed past the prima facie case stage of Plaintiff's burden of proof, the record reveals legitimate, non-discriminatory reasons for Greenwood receiving the Assistant Curator Position. Thus, even if Plaintiff had established a prima facie case of race discrimination (and to be clear she has not), Defendant's reasons for selecting Greenwood for the Assistant Curator position are legitimate. Greenwood had completed her Master's degree in Art History. Plaintiff did not even have an undergraduate degree. Thus, there is a legitimate difference in Greenwood's qualifications which would be reason enough to prefer her over Plaintiff, had Plaintiff applied, which she did not. Further, Plaintiff has not put forth any evidence to suggest such a reason is pretextual.

Defendants are entitled to judgment as a matter of law on Plaintiff's Discrimination claim.

### D. Plaintiff Has Failed to State a Retaliation Claim

Plaintiff's EEOC charge reflects that she intended to assert a claim that she was also retaliated against. Her Complaint is unclear as to whether a separate retaliation claim is stated. Plaintiff's Amended Complaint does not state a retaliation claim. Count I, which is stated against the Museum, is a Title VII failure to hire discrimination claim. Count II is also a Title VII failure to hire discrimination claim, but it is a claim against Andrews individually. As discussed above, Andrews cannot be held liable under Title VII.

Further, Plaintiff's Amended Complaint is devoid of any allegations of protected conduct under Title VII, other than her EEOC charge. The Amended Complaint also fails to allege that Plaintiff she suffered any consequences as a result of her EEOC charge, much less that she suffered an "adverse employment action" as a result of it or any other protected conduct.

Even if Plaintiff has asserted a retaliation claim (and the court concludes she has not done so), it is difficult to glean the manner in which Plaintiff was allegedly retaliated against. The only allegations in the Amended Complaint which can be construed as evincing retaliatory conduct are that Plaintiff was subjected to racially insensitive remarks by Andrews, that she has been denied access to educational materials, and that her museum records were destroyed. (*See* Doc. 4). Defendants' brief in support of their Motion for Summary Judgment appears to assume that Plaintiff stated a retaliation claim based upon the Museum's failure to hire her.

"In order to make out a prima facie case of retaliation, a plaintiff must show that: '(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action.'" *Sims v. Burlington Coat Factory Warehouse of Alabama, Inc.*, 2009 WL 1393621, *8 (11th Cir. 2009) (quoting *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)). More specifically, "Title VII makes it unlawful 'for an employer to discriminate against any of his employees ... because he has opposed any practice *made an unlawful employment practice by [Title VII]*, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under [Title VII]*.'" *Gerard v. Board Of Regents Of The State Of GA*, 2009 WL 1101524, * 6 (11th Cir. 2009) (quoting 42 U.S.C. § 2000e-3(a)) (emphasis added.) That is, general complaints of discrimination *not asserting a violation of Title VII* cannot support a Title VII

11

retaliation claim. 42 U.S.C. § 2000e-3(a). Because Plaintiff has failed to allege, much less present substantial evidence that, any adverse action was causally related to conduct protected under Title VII, her retaliation claim fails as a matter of law.[4]

## IV. Conclusion

For the reasons stated above, Defendants' motion for summary judgment is due to be granted. The court will enter a separate order granting the motion.

**DONE** and **ORDERED** this ___6th___ day of July, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] As to the Museum's failure to hire Plaintiff, that event occurred *before* the only conduct which is protected under Title VII which is in the record, i.e. Plaintiff's EEOC charge. Therefore, the Museum's failure to hire her could not have been in retaliation for her EEOC charge.